## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

United States of America

     v.                          Criminal No. 10-cr-80-05-SM

Maria Valdez

## ORDER OF DETENTION PENDING TRIAL

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on June 21, 2010, for the purpose of determining whether to detain defendant, Maria Valdez, who has been indicted on a charge of conspiracy to distribute Osxcodone and Cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1).

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt;

(3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

the judicial officer finds that there is probable cause to
believe that the person committed an offense for which a
maximum term of imprisonment of ten years or more is
prescribed in the Controlled Substances Act (21 U.S.C. 801
et seq) . . . .

18 U.S.C. § 3142(e).

In the case at hand, the indictment itself establishes
probable cause to believe that the offenses charged have been
committed and that the defendant has committed them.  Further,
the offenses charged against defendant are ones for which a
maximum term of imprisonment is ten years or more, as prescribed
in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  See
United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991).
Thus, Section 3142(e)'s rebuttable presumption that "no condition
or combination of conditions will reasonably assure [defendant's]
appearance . . . and the safety of the community . . ." is
triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C.
§ 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157,
162-63 (1st Cir. 1986).

In order to counter the statutory presumption triggered, the
defendant must present evidence which demonstrates that "what is
true in general is not true in [his] particular case." United
States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  Notably,
the burden is one of production, not of persuasion.  Id. at 380-
81.

3

Here, I find that the defendant fails to rebut the presumption with regard to risk of flight and danger to the community.  In so finding, I rely on the following: (a) the nature of the charge is a serious drug offense and the defendant faces serious consequences if convicted; (b) based upon the government's proffer, the weight of the evidence is strong; (c) the defendant's criminal record includes a prior federal conviction for the importation of heroin; (d) in 2008, the defendant finished serving a three-year term of federal probation; (e) while the defendant is nearly a lifelong resident of Massachusetts with significant family ties there, she has no current residence and is unemployed; (f) the defendant has strong family ties to the Dominican Republic, the country of her birth; and (g) the defendant, as her attorney described, is "easily manipulated" and exercises poor judgment.

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant has not rebutted the presumption that she poses a serious risk of flight and a danger to the community.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from

4

persons awaiting or serving sentences or being held in custody
pending appeal.  The defendant shall be afforded a reasonable
opportunity for private consultation with defense counsel.  On
order of a court of the United States or on request of an
attorney for the Government, the person in charge of the
corrections facility shall deliver the defendant to the United
States Marshal for the purpose of an appearance in connection
with a court proceeding.

    **SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: June 22, 2010

cc:  Raymond Buso, Esq.
    U.S. Attorney
    U.S. Probation
    U.S. Marshal